OFFICE OF THE CLERK<br>
**UNITED STATES COURT OF APPEALS**<br>
FOR THE FIRST CIRCUIT

MARGARET CARTER
CLERK

JOHN JOSEPH MOAKLEY
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2500
BOSTON, MA 02210
(617) 748-9057

December 7, 2015

Raymond Elwood Gillespie
875 Massachusetts Ave.
Suite 32
Cambridge, MA 02139-0000

Re:   US v. Wairi
No.:  15-2166

Dear Counsel:

      Thank you for accepting an appointment under the Criminal Justice Act. Your appearance has been entered on behalf of the above named appellant. Enclosed is your appointment order and CJA Voucher Forms 20, 21 and 24. If you have not applied for a separate PACER account that provides fee exempt access for CJA work related to this appointment, you should contact the PACER Service Center at 800-676-6856 to acquire one.

      As part of your appointment, you were ordered to determine whether all of the transcripts necessary for this appeal have been ordered. Please review both the district court and court of appeals dockets to see what transcripts have already been ordered. The district court docket should also list all of the transcripts that have been produced to date. If further proceedings need to be transcribed or produced, you must file a separate Transcript Report/Order Form and CJA 24 Voucher for each court reporter. If you determine that all of the transcripts necessary for the appeal have been filed, you must indicate as much in the Transcript Report section of the Transcript Order Form and file it with the court.

      The court's website at www.ca1.uscourts.gov contains many important forms and instructions as well as links to the Federal Rules of Appellate Procedure and First Circuit Local Rules and the CJA Referance Manual. Please visit the website and review the Criminal Justice Act tab for CJA Voucher instructions, important announcements and links to helpful sites. Please also review the Notice to Court-Appointed Counsel Regarding Requirements for Briefs.

      A CJA 20 voucher must be submitted no later than 45 days after the final disposition of the case (as defined in the attached Notice Regarding Completion of Representation) and must include a supplemental diary that reflects the hours worked on each date, the time spent both in-court and out-of-court, and a description of the services provided along with a listing of expenses

incurred. Please refer to the CJA Form 20 Instructions and Local Rule 46.5, which is this court's plan for implementing the Criminal Justice Act.

    Your service as an appointed attorney under the Criminal Justice Act is appreciated.

    Sincerely,

    /s/ Margaret Carter, Clerk

Enclosures

Case Manager:  David Krinsky - (617) 748-4209

# United States Court of Appeals
## For the First Circuit

**NOTICE TO CJA COUNSEL REGARDING COMPLETION OF REPRESENTATION AND SUBMISSION OF A FINAL VOUCHER**

Court-appointed counsel's attention is directed to 1st Cir. R. 46.5(c). If an appeal is denied, counsel must:

- Inform the client of the loss on appeal, the right to petition for a writ of certiorari, and the time period for doing so.

- Prepare and file a petition for a writ of certiorari if there are reasonable grounds to do so and the client requests it.

- If counsel determines that there are no reasonable grounds and declines to file a petition for a writ of certiorari requested by the client, counsel must so inform the Court and request leave to withdraw from the representation by written motion stating that counsel has reviewed the matter and determined that the petition would be frivolous, accompanied by counsel's certification of the date when a copy of the motion was furnished to the client.

- If the client does not wish to apply for certiorari or does not respond to the notification, counsel shall so inform the court by letter.

For more detailed information, counsel should consult 1st Cir. R. 46.5(c). Under all circumstances, counsel should either file a petition for a writ of certiorari or move to withdraw following the procedures set forth in Rule 46.5(c). The 45-day time period for filing a final CJA voucher runs from the filing of the petition or the order allowing the motion to withdraw.

In the event counsel does move to withdraw rather than file a petition for a writ of certiorari, counsel is advised to do so promptly and well in advance of the deadline for filing a petition. The court makes its own determination as to frivolousness before allowing a motion to withdraw. Occasionally, the court denies a motion to withdraw and requires counsel to file a petition.